# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA GONZALES,<br><br>　　　　　　Plaintiff,<br>vs.<br>FRESENIUS MEDICAL CARE HOLDINGS, d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA; FRESENIUS VASCULAR CARE, INC.; AMERICAN ACCESS CARE OF SAN DIEGO, LLC; and AMERICAN ACCESS CARE OF SOUTHERN CALIFORNIA, LLC.,<br><br>　　　　　　Defendants. | CASE NO. 12cv2488 JM<br><br>ORDER DISMISSING ACTION |

Defendants Fresenius Medical Care Holdings Inc. d/b/a Fresenius Medical Care North America ("FMCNA"), Fresenius Vascular Care, Inc. ("Vascular Care"), American Access Care of San Diego, LLC ("AACSD"), and American Access Care of Southern California, LLC ("AACSC") move to dismiss the Second Amended Complaint ("SAC") for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff Yolanda Gonzales opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the present matter appropriate for resolution without oral argument. For the reasons set forth below, the court lacks subject matter jurisdiction and dismisses the action without prejudice. The Clerk of Court is instructed to close the file

**BACKGROUND**

On March 26, 2013 Plaintiff filed the operative SAC alleging eight state law wage and hour claims for (1) Violation of IWC Wage Order No. 4-2001(3)(A); (2) Violation of IWC Wage Order No. 4-2001(4)(B); (3) Violation of IWC Wage Order No. 4-2001(11); (4) Violation of IWC Wage Order No. 4-2001(12); (5) Violation of IWC Wage Order No. 4-2001(7)(A); (6) Violation of Labor Code §201-203; (7) Violation of Business and Professions Code §17200 et seq.; and (8) Violation of Labor Code §2698. Plaintiff alleges diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2). FMCNA is an alleged New York corporation, Vascular Care a Delaware corporation, AACSD a Delaware limited liability company, and AACSC a California limited liability company. (SAC ¶1). Notably, these jurisdictional allegations, contained in the introductory paragraph of the SAC, fail to identify the citizenship of each Defendant.

Plaintiff alleges that she was an employee of all four Defendants. (SAC ¶3). When employed by one of the unidentified Defendants, Plaintiff was provided with an "Employee Handbook" welcoming Plaintiff to FMCNA and a non-disclosure agreement acknowledging that, as an employee of FMCNA, she would maintain confidences of the company. (SAC ¶4). Plaintiff alleges that FMCNA "manages and controls" Vascular Care, which was the company name on her paychecks. (SAC ¶6). Plaintiff alleges that Vascular Care "manages and controls" AACSD and AACSC. (SAC §7). Plaintiff believes that she was employed by AACSD and AACSC. (SAC ¶8). Plaintiff's wage statements also identify AACSD and AACSC as her employer. (SAC ¶8).

In broad brush, Plaintiff, who worked for Defendants, collectively, sometime "within the four (4) years preceding the filing of this action (October 12, 2012)," (SAC ¶23), alleges that she is a non-exempt employee and "regularly" worked over 8 hours per day and 40 hours per week without being paid "overtime compensation as demanded by law." (SAC ¶24). She also alleges that Defendants rounded off to the

1  nearest quarter of an hour to wrongfully adjust the actual time worked by Plaintiff.
2  Plaintiff also alleges that she was "denied the opportunity to take a meal period within
3  the first five (5) hours worked or a second meal period when they worked over ten (10)
4  hours in a single shift." (SAC ¶29). Plaintiff further alleges that she "rarely, if ever"
5  received a 10 minute rest break for each four hours of work and that the itemized wage
6  statement furnished by "Defendants did not accurately reflect the total hours worked,
7  the gross wages, and the net wages." (SAC ¶¶ 32, 34).

8        Plaintiff brings the alleged wage and hour claims on her behalf and on behalf of
9  six subclasses consisting of all former, current, and prospective non-exempt employees
10 of Defendants who (1) did not receive an accurate timekeeping record; (2) worked
11 between five and ten hours without receiving the required meal break or compensation;
12 (3) worked more than ten hours without receiving a second meal break or
13 compensation; (4) did not receive required rest periods or compensation; (5) did not
14 receive an accurate itemized wage statement; and (6) did not receive timely payment
15 upon termination of employment. (SAC ¶38).

16       On March 11, 2013 the court <u>sua sponte</u> dismissed the original complaint
17 pursuant to Rule 8 of the Federal Rules of Civil Procedure with leave to amend (the
18 "March Dismissal Order"). (Ct. Dkt. 12). The March Dismissal Order specifically
19 noted deficiencies with the CAFA jurisdictional allegations and the complaint's failure
20 to comply with Rule 8(a). The court <u>sua sponte</u> granted leave to amend to address the
21 jurisdictional deficiencies and, as noted above, Plaintiff filed the SAC on March 26,
22 2013.

23       On June 17, 2013, this court issued an Order to Show Cause Why Action Should
24 Not Be Dismissed, Transferred, or Stayed ("OSC"). (Ct. Dkt. 18). Based upon the
25 parties' submissions in response to Defendants' renewed motion to dismiss, the court
26 learned that another wage and hour case was pending in the Central District of
27 California against FMCNA. <u>Moreyra v. Fresenius Medical Care Holdings, Inc.</u>, Case
28 No. SACV 10-00517-JVS (Rxx) (the "<u>Moreyra</u> Action"). Substantial litigation

proceedings occurred in the Moreyra Action prior to Plaintiff commencing the present action. In Moreyra three subclasses were certified and the court had preliminarily approved the global settlement of all claims against FMCNA. A Final Approval Hearing in Moreyra was calendared for June 24, 2013. In light of the settlement and near finality of the Moreyra action, the court requested briefing on whether the present action should be dismissed, transferred, or stayed pending resolution of the Moreyra action. (Ct. Dkt. 18).

This order addresses the court's subject matter jurisdiction under CAFA, concludes that subject matter jurisdiction is lacking, and dismisses the action for lack of subject matter jurisdiction. In light of the dismissal of the action, the court does not reach the issues raised in the OSC nor does the court address Defendants' motion to dismiss.

## DISCUSSION

**Subject Matter Jurisdiction**

The court addresses subject matter jurisdiction first. Federal courts are courts of limited jurisdiction. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). Accordingly, federal courts are under a continuing duty to confirm their jurisdictional power and are even "obliged to inquire sua sponte whenever a doubt arises as to [its] existence. . . ." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted).

As set forth in the March Dismissal Order, the court may exercise federal jurisdiction under CAFA where (1) there is minimal diversity between the parties, (2) the proposed class consists of at least 100 class members, and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. §1332(d)(2). Further, the March Dismissal

Order dismissed the action with leave to amend to address subject matter jurisdiction:

> With respect to minimal diversity, the court notes that the complaint does not allege which of the four entities employed Plaintiff. Rather, Plaintiff simply alleges that she was employed by "Defendants."[1] Further, Plaintiff does not allege the state in which she was employed, where she performed her employment related duties, the principal place of business of each entity, or even when or how long she was employed by "Defendants."

(Ct. Dkt.   ). The court also directed Plaintiff's attention to Rule 8(a) which requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ.P. 8(a). Despite express notice to Plaintiff of the pleading deficiencies, Plaintiff largely reiterates the same (inadequate) jurisdictional allegations.[2]

With respect to citizenship, the Statement of Jurisdiction allegations in the SAC are non-existent. (SAC ¶¶18-21). Plaintiff simply alleges that Defendants, collectively, "are minimally diverse." (SAC ¶18). Plaintiff does not allege the state of incorporation or the entity's principal place of business. See 28 U.S.C. §1332(c). While the SAC's introductory paragraph states, for example, that FMCNA is a "New York corporation," the SAC is silent on whether this "New York corporation" is a corporation incorporated in New York or whether its principal place of business is in New York or some other state, including California. By any measure, Plaintiff fails to establish that CAFA jurisdiction is appropriate in this case.[3] Without subject matter jurisdiction the court cannot entertain any of the other arguments raised by the parties. See Steel Co. v. Citizens for a Better Environment, 523, U.S. 83, 94 (1998).

Finally, as the court has previously advised Plaintiff, the court cannot determine

---

[1] Plaintiff's generalized allegation that the "Defendants" manage and control each other is insufficient to pierce the corporate veil of the various entities.

[2] The court incorporates its March Dismissal Order as if fully set forth herein.

[3] The court also notes that it is unclear when Plaintiff commenced her employment with Defendants. The SAC simply alleges that Plaintiff commenced employment with one of the unidentified Defendants sometime within four years of commencing the action. (SAC ¶43). Such obfuscation in pleading is inconsistent with the Federal Rules of Civil Procedure.

from the inadequately pled SAC whether this action is one over which, in the interests of justice, it should decline jurisdiction, 28 U.S.C. §1332(d)(3), or one over which the court is required to decline jurisdiction. 28 U.S.C. §1332(d)(4).  As Plaintiff has been fully informed about the jurisdictional defects with the complaint, provided with an opportunity to correct those defects, and failed to remedy the jurisdictional defects, the court dismisses the SAC.  The court declines to sua sponte grant leave to amend a second time because the court has already fully informed counsel of the jurisdictional deficiencies - all to no avail.

In sum, the court dismisses the SAC for lack of subject matter jurisdiction and instructs the Clerk of Court to close the file.

**IT IS SO ORDERED.**

DATED: October 15, 2013

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:	All parties